## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**GLORIA CELESTE YOUNG**                                                            **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 2:23-cv-175-KS-MTP**

**STATE FARM FIRE AND CASUALTY COMPANY**                 **DEFENDANT**

### ORDER

THIS MATTER is before the Court on Plaintiff Gloria Celeste Young's Unopposed Motion to Stay [109]. Having considered the record and applicable law, the Court finds that the Motion [109] should be denied.

On November 13, 2023, Young filed this putative class action relating to fire damage to her residence, which was insured by a home insurance policy issued by Defendant State Farm. Young alleges that State Farm used "Xactimate" software program in a wrongful manner to calculate the repair and construction costs for her loss. Young asserts that State Farm fraudulently concealed this wrongful practice from her and similarly situated policyholders.

In lieu of an answer, State Farm filed a Motion to Dismiss [22] and a Motion to Strike Nationwide Class Allegations [24] on January 10, 2024. These Motions [22] [24], however, were denied as moot after Young filed an Amended Complaint [28] on January 24, 2024. *See* Order [29]. State Farm then moved to dismiss the Amended Complaint. *See* Motion to Dismiss [30].

On April 3, 2024, State Farm filed a Motion to Compel Appraisal [40] asserting that the subject insurance policy contains a provision allowing either the insured or insurer to demand an appraisal of the costs arising from a covered loss. On August 12, 2024, the Court granted the

Motion [40] and stayed the case for 90 days to allow the parties to pursue appraisal. *See* Order [45]. The Court also denied the Motion to Dismiss [30] as moot. *Id.*

On November 15, 2024—after the 90-day stay had expired and the parties had failed to complete the appraisal—the Court set a case management conference and directed State Farm to file an answer. *See* Order [47]; Initial Order [48]. On December 5, 2024, the Court entered a Case Management Order [57] setting the case deadlines, including deadlines for fact discovery regarding Young's individual claims and class certification issues, expert designations, a class certification motion, dispositive motions, and *Daubert*-type motions.

On January 29, 2025, the parties moved for 60-day extensions of these deadlines. *See* Motion [87]. The next day, the Court granted the Motion [87]. *See* Order [88].

On February 10, 2025, State Farm filed a Motion for Judgment on the Pleadings [92] asserting that the parties' respective appraisers agreed upon an amount of loss, which State Farm has paid. According to State Farm, the appraised loss amount was based on an estimate using the very Xactimate setting that Young alleged was improper. State Farm argues that this action should be dismissed as the central dispute has been resolved. Young opposes the Motion [92], which has been fully briefed by the parties.

On May 14, 2025—three months after the Motion for Judgment on the Pleadings [92] was filed and after more than five months of discovery—Plaintiff moved to stay this action pending resolution of the Motion for Judgment of the Pleadings [92]. *See* Motion to Stay [109]. The Motion to Stay [109] is unopposed.

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 426 n.114 (5th Cir. 1990). A court's discretion to stay discovery pending a ruling on a preliminary motion seeking dismissal is based on Federal Rule

of Civil Procedure 26(c), which provides that courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). Courts may grant a stay where (1) the preliminary motion is "decided on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery." *Dowdy v. Dowdy P'ship v. Arbitron Inc.*, 2010 WL 3893915, at *1 (S.D. Miss. Sept. 30, 2010).

While discovery *may* be stayed pending the outcome of a motion on the pleadings, a stay is not automatic. *See LeCroy v. Canon, U.S.A., Inc.*, 2021 WL 5284135, at *1 (N.D. Tex. Apr. 7, 2021) ("The Court is not required to stay discovery while a dispositive motion based on the pleadings is pending."); *see also Von Drake v. National Broadcasting Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). Such a stay is the exception rather than the rule. *See LeCroy*, 2021 WL 5284135, at *1; *see also Ford Motor Co. v. United States Auto Club*, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008); *Knoth v. SW Miss. Reg'l Med. Ctr.*, 2019 WL 6110056, at *1 (S.D. Miss. Aug. 9, 2019). Additionally, pursuant to Rule 12(c), motions for judgment on the pleadings should be filed "early enough not to delay trial." *See* Fed. R. Civ. P. 12(c).

Young argues that a stay will conserve the resources of the parties and the Court. Young points out that disposition of the Motion for Judgment on the Pleadings [92] might identify and frame any surviving issues or might preclude the need for continued litigation altogether. But, that is the case when any preliminary motion is filed seeking dismissal of an action. Young has failed to identify any specific discovery or action that would be particularly burdensome over

and above those typically encountered in litigation nor has she shown other good cause for further delay.[1]

This putative class action has already been pending for more than 18 months. Fact discovery regarding Young's individual claims and class certification issues will close on June 3, 2025, and a class certification motion is due on July 8, 2025. A stay would delay this action, and the Court and the parties have an interest in moving this case forward. If issues remain following a ruling on the Motion for Judgment on the Pleadings [92], this action should be positioned such that final disposition may be achieved in a timely manner.

IT IS, THEREFORE, ORDERED that Plaintiff's Unopposed Motion to Stay [109] is DENIED.

SO ORDERED this the 15th day of May, 2025.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE

---

[1] As noted above, this action has been stayed once during the appraisal process, and the case deadlines have been previously extended. *See* Order [88]. With a looming class certification process, further delays are not warranted.