**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| GLORIA CELESTE YOUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | Civil Action No. 2:23-cv-175-HSO-MTP |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, State Farm Fire and Casualty Company ("State Farm"), and hereby moves for summary judgment in its favor on all of Plaintiff's claims in her First Amended Complaint ("FAC," Dkt. 28).

1. Plaintiff owns a house in Hattiesburg, Mississippi insured by State Farm that was "practically destroyed" by a fire on January 21, 2023. *See* FAC ¶¶ 1, 9, 32. Plaintiff contends that when State Farm initially estimated the structural damage to their home using Xactimate software, State Farm improperly used that software's "New Construction" labor efficiency setting (*id.* ¶¶ 44, 94). The FAC alleges claims for breach of contract (Count I); negligence (Count II); bad faith

(Count III); and declaratory and injunctive relief (Count IV). The FAC also includes putative class claims under each Count.[1]

2. State Farm moves for summary judgment in its favor on all the claims under Fed. R. Civ. P. 56 because the dispute as to the proper amount of repair costs for Plaintiff's home has been resolved. Judge Starrett ordered the parties to appraisal of their dispute over the amount of loss owed by State Farm, and specifically regarding the "labor efficiency" to be used in calculating that amount. *See* Order (Dkt. 45) at 7-10. The parties' respective, independent appraisers agreed on an amount of loss, which State Farm paid by check negotiated by Plaintiff, ending the controversy. The estimate on which the appraisal award is based, which is attached to and expressly an "integral part" of the award, uses the disputed "New Construction" labor efficiency setting ("NC LES").

3. Summary judgment should also be entered on Plaintiff's claims because they have no legal basis even if they were not now resolved by the agreed appraisal award. As held in *Belotti v. State Farm Fire & Casualty Co.*, No. 3:22-CV-1284, 2025 WL 904697, at *4, 9 (M.D. Pa. Mar. 25, 2025), the "plain language" of the policy "unambiguously imposes no contractual duty to use a particular estimate [setting]." *Id.* at *4, 9. Because there is no contractual requirement "to use a particular labor efficiency or method of computation" (*id.* at *9), State Farm cannot have "breach[ed] any contractual obligation in creating its estimate" using a particular setting, which requires the entry of judgment as a matter of law in State Farm's favor on Plaintiff's contract claim

---

[1] Summary judgment on Plaintiff's individual claims necessarily resolves these class claims, because the latter cannot exist without the former. *See Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129–30 (1975). Consequently, if the Court were to grant this Motion, it would render Plaintiff's Motion for Class Certification moot.

(*id.* at \*4) and her extracontractual claims for an alleged "manipulation of the Xactimate estimating application" (*id.* at \*5, \*7).

4. Plaintiff's extracontractual claims here suffer from other independent legal defects, including that State Farm clearly had at least an arguable reason for using the NC LES with Plaintiff's large partial loss, as confirmed by the agreed arbitration award, and as the FAC itself establishes. *See* FAC ¶¶ 29 (admitting that "it is possible that some portions of a large partial loss may be addressed using this setting"), 32 (Plaintiff's loss was "extensive" and the house was "practically destroyed").

5. Accordingly, State Farm respectfully moves for summary judgment on all Plaintiff's claims.

6. In support of this motion, State Farm submits the accompanying memorandum of law and the following exhibits:

Exhibit A: Certified Policy

Exhibit B: Declaration of Amanda Barbour

    Exhibit 1 to Exhibit B: Agreed Appraisal Award

    Exhibit 2 to Exhibit B: State Farm check negotiated by Plaintiff

    Exhibit 3 to Exhibit B: Excerpts of deposition transcript of Plaintiff's contractor Simon Ryals

    Exhibit 4 to Exhibit B: Excerpts of deposition transcript of claim adjuster Alfonso Cornista

    Exhibit 5 to Exhibit B: Excerpts of deposition transcript of team manager Randy Caillouet

    Exhibit 6 to Exhibit B: Excerpts of deposition transcript of corporate representative witness Tom Moss

    Exhibit 7 to Exhibit B: State Farm Operations Guide 75-07

Exhibit 8 to Exhibit B: Sworn Expert Report of Mike Fulton

Exhibit 9 to Exhibit B: Expert Report of Michael Berryman and accompanying Declaration

Exhibit 10 to Exhibit B: Expert Report of Linda Kaiser Conley and accompanying Declaration

Exhibit 11 to Exhibit B: Declaration of H.L. "Rusty" Ellis

Exhibit 12 to Exhibit B: Declaration of Wayne Stewart

Exhibit C: Declaration of Roechelle R. Morgan

Ex. 1 to Ex. C: 1/27/23 email from S. Ryals to State Farm

Ex. 2 to Ex. C: 1/19/24-2/8/24 email chain between Morgan, McMullan and Nelson

Ex. 3 to Ex. C: 1/19/24 letter from Morgan to McMullan

Ex. 4 to Ex. C: 2/29/24 Morgan letter to McMullan and Nelson

Ex. 5 to Ex. C: 3/6/24 McMullan letter to Morgan

Ex. 6 to Ex. C: 3/8/24 Nelson letter to Morgan, with accompanying:

Ex. a to Ex. 6: 1/22/23 Ryals Emergency Restoration Service Contract

Ex. b to Ex. 6: 1/9/24 Ryals estimate for repairs to Plaintiff's house

Ex. c to Ex. 6: 1/11/24 Ryals estimate for additional repairs to Plaintiff's house
Ex. d to Ex. 6: Copies of Plaintiff's checks payable to Ryals

Ex. e to Ex. 6: 3/7/24 Ryals invoice and 1/30/24 Ryals estimate for pack out

Ex. 7 to Ex. C: 3/25/24 Morgan letter to Nelson and McMullan re: demand for appraisal

Ex. 8 to Ex. C: 3/25/24 Morgan letter to Nelson and McMullan re: replacement cost payment

WHEREFORE, PREMISES CONSIDERED, State Farm respectfully requests that the Court grant summary judgment in favor of State Farm on all of Plaintiff's claims.

Dated: July 8, 2025.	Respectfully submitted,

STATE FARM FIRE AND
CASUALTY COMPANY, Defendant

*/s/ Amanda B. Barbour*
AMANDA B. BARBOUR (MSB # 99119)
HARRISON M. SMITH (MSB #106339)
BUTLER SNOW LLP
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel:  (601) 948-5711
Fax: (601) 985-4500
E-Mail: Amanda.Barbour@butlersnow.com
E-Mail: Harrison.Smith@butlersnow.com

JOSEPH A. CANCILA, JR. (pro hac vice)
NICK KAHLON (pro hac vice)
JACOB L. KAHN (pro hac vice)
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Tel:  (312) 471-8700
Fax: (312) 471-8701
E-Mail: JCancila@rshc-law.com
E-Mail: NKahlon@rshc-law.com
E-Mail: JKahn@rshc-law.com

## CERTIFICATE OF SERVICE

I, Amanda B. Barbour, certify that on this date I electronically filed the foregoing with the Clerk of Court via ECF which sent notice to all counsel of record.

DATED: July 8, 2025.

By: */s/Amanda B. Barbour*
Amanda B. Barbour

94308804.v1